WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Calvin Clinton Ward, | No. CV-22-00998-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| David Shinn, et al., | |
| Defendants. | |

Pending before the Court in this closed case is Plaintiff's motion to enforce the parties' settlement agreement. (Doc. 113). This Court's Order dismissing this case did not retain jurisdiction to enforce the settlement agreement, (Doc. 112); nor did the parties' stipulation to dismiss this case request that this Court retain jurisdiction (Doc. 111).

Because the Court did not retain jurisdiction to enforce the settlement agreement, this Court is without jurisdiction to entertain what now amounts to a state law breach of contract action. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381-82 (1994) ("[A]utomatic jurisdiction over such contracts is in no way essential to the conduct of federal-court business. If the parties *wish* to provide for the court's enforcement of a dismissal-producing settlement agreement, they can seek to do so. [Otherwise] enforcement of the settlement agreement is for state courts, unless there is some independent basis for federal jurisdiction."); *Cross Media Mktg. Corp. v. Budget Mktg., Inc.*, 319 F. Supp. 2d 482, 483 (S.D.N.Y. 2004) ("if parties wish to have a district court retain jurisdiction to enforce a settlement, they must apply for that relief and allow the court

1  to make a reasoned determination as to whether retention is appropriate.").

2  Plaintiff argues in the reply that the settlement agreement itself states that the Court
3  will retain jurisdiction to enforce the agreement. (Doc. 120). But the Court is not a party
4  to the settlement agreement, the Court did not review the settlement agreement prior to
5  dismissal of this case, the Court did not incorporate the terms of the settlement agreement
6  into any Order, and the Court did not agree to retain jurisdiction. Thus, the parties'
7  agreement does not bind the Court.

8  As a result of the foregoing,

9  **IT IS ORDERED** that the motion to enforce the settlement agreement (Doc. 113)
10  is denied for lack of jurisdiction. Such denial is with prejudice as to refiling the same
11  motion with this Court; and without prejudice to bringing a new action in the correct forum.

12  Dated this 21st day of July, 2025.

James A. Teilborg
Senior United States District Judge